375 A.2d 802

**COMMONWEALTH of Pennsylvania**

**v.**

**Ricky CAMERON, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided June 29, 1977.

---

David S. Winston, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

On July 22, 1975, two indictments were lodged against appellant. Indictment number 961 charged appellant with

burglary,[1] theft by unlawful taking or disposition [2] and theft by receiving stolen property.[3] Indictment number 962 charged him with criminal conspiracy.[4] After a jury trial, appellant was found guilty of burglary and conspiracy. This appeal is taken only from the burglary conviction.

At the close of the trial on October 7, 1975, the trial judge ordered the deferral of sentencing pending the filing of post-verdict motions and the receipt of a pre-sentence report. The lower court informed appellant of his post-trial rights as follows:

"THE COURT: Mr. Cameron, you have the right to file motions for a new trial and arrest of judgment. You must do this within seven days from today. Please consult with your attorney and he will advise you on this."

Written post-verdict motions were never filed. Oral motions, not of record, were argued and denied on January 26, 1976. Appellant was sentenced to concurrent 5 to 10 year terms of imprisonment.

Appellant contends that the lower court erred in denying his motion in arrest of judgment. The post-trial procedures employed in this case do not comport with the mandates of our Rules of Criminal Procedure. Pa.R.Crim.P. 1123; *see also Commonwealth v. Babb,* 246 Pa.Super. 471, 371 A.2d 933 (1976); *Commonwealth v. Kinsey,* 249 Pa.Super. 1, 375 A. 2d 727 (1976); *Commonwealth v. Erhart,* 248 Pa.Super. 481, 375 A.2d 342 (1975). Although appellant's post-verdict motions are not on the record, waiver is precluded because of the lower court's failure to comply with Rule 1123. This case is governed by our decision in *Commonwealth v. Babb, supra.* In accordance with that decision, appellant is entitled to file post-verdict motions *nunc pro tunc.*

1. 18 Pa.C.S. § 3502.

2. 18 Pa.C.S. § 3921.

3. 18 Pa.C.S. § 3925.

4. 18 Pa.C.S. § 903.

The judgment of sentence at 961 July Term, 1975 is vacated and the case is remanded for further proceedings at that number and term consistent with this opinion.

WATKINS, President Judge, concurs in the result.