380 A.2d 1307

**COMMONWEALTH of Pennsylvania**

v.

**James WALSH, Appellant.**

**COMMONWEALTH of Pennsylvania**

v.

**Rickey CAMERON, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 10, 1975 and Sept. 13, 1976.

Decided Dec. 2, 1977.

112

John W. Packel, Assistant Public Defender, and Benjamin Lerner, Defender, Philadelphia, for appellant at No. 1116.

David S. Winston, Philadelphia, for appellant at No. 1120.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

OPINION PER CURIAM:

In each of the above-captioned cases, this court issued an order remanding the case for the filing of post-verdict motions, *nunc pro tunc. Commonwealth v. Walsh*, 248 Pa. Super. 479, 375 A.2d 198 (1977); *Commonwealth v. Cameron*, 249 Pa.Super. 146, 375 A.2d 802 (1977). In an attempt to comply with these orders, the lower court filed with our prothonotary, two documents entitled "Report to Superior Court on Remand Order." In these reports, the lower court judge stated that written post-verdict motions had been submitted by each appellant and denied by the court prior to the filing date of each appeal. The judge, however, could not explain why these motions had not been included in the records.

It is well established that an appellate court may not consider matters unless they are duly certified in the record. *E. g., Commonwealth v. Young*, 456 Pa. 102, 317 A.2d 258 (1974). The necessity for including post-verdict motions in the record has been obvious at least since our supreme court's decision in *Commonwealth v. Reid*, 458 Pa. 357, 326 A.2d 267 (1974). The question now presented is whether we should demand strict compliance with our previous orders and remand these cases for the filing of post-verdict motions and proceedings thereon. We find this the most appropriate course of action.

Under the Act of May 19, 1897, P.L. 67, § 18 (12 P.S. § 1156), this court is empowered to issue writs of certiorari sur diminution of the record when the lower court "fails or neglects to certify or send the whole record. . . ." Rule 54 of the Rules of the Superior Court, which is applicable to the instant cases,[1] provides for the issuance of such a writ by this court sua sponte or upon motion of one of the

---

1. Pa.R.A.P.1926 expands the lower court's power to correct record errors or omissions after an appeal is filed. This Rule applies to appeals filed on or after July 1, 1976.

parties. When this court decided the instant cases, however, there was no indication in the record that post-verdict motions were filed and neither party petitioned this court in accordance with Rule 54. We decided the case based on the record before us. Although our research has revealed no case directly on point, we believe that Rule 54 has no applicability to a case once it has been remanded with specific instructions.

The responsibility for insuring that the record accurately reflects the proceedings before the lower court rests with the lower court and the parties. It is imperative that this court receive a complete record the first time the case comes before us.

It should be noted that appellant will not be deprived of any rights by our disposition. The cases are being remanded for the proper filing of post-verdict motions and proceedings thereon. After disposition of the motions by the lower court, the aggrieved party or parties may file an appeal.

These cases are remanded for strict compliance with our previous opinions, including the proper filing of post-verdict motions *nunc pro tunc*.

WATKINS, President Judge, dissents in both of these opinions.