446 A.2d 1320

**COMMONWEALTH of Pennsylvania**

**v.**

**Michael KALSON, Appellant.**

Superior Court of Pennsylvania.

Submitted May 27, 1981.

Filed June 18, 1982.

32

Basil G. Russin, Public Defender, Wilkes-Barre, for appellant.

Chester B. Muroski, District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before WICKERSHAM, WIEAND and McEWEN, JJ.

McEWEN, Judge:

Appellant here contends the sentence imposed by the Common Pleas Court of not less than two years nor more

than four years for his escape from the County prison was manifestly excessive. We disagree and, therefore, affirm.

Appellant escaped from the Luzerne County Prison in Wilkes-Barre on April 5, 1980. He was subsequently apprehended. Within a few days, on April 20, 1980, he participated in an attempted escape from the same prison during which a prison guard was assaulted. The defendant was tried and convicted by a jury on October 17, 1980 for the offenses arising out of the attempted escape of April 20, 1980. While on trial for that attempted escape of April 20, the appellant again escaped from custody but was quickly apprehended. After his conviction, he pleaded guilty on October 20, 1980 to the first escape on April 5, 1980, and was sentenced on December 30, 1980 to the two to four year term of imprisonment we here review.

The crime for which the sentence was imposed is a felony of the third degree[1] and carries a maximum sentence of imprisonment of not more than seven years.[2] The record in the case for which the sentence we here review was imposed indicates the escape occurred when the appellant used some tools and a hydraulic jack from the carpenter shop of the prison to cut the lock on the supply room door and wedged the jack sufficiently under the door to permit escape through the door.

Appellant argues that the sentence is manifestly excessive when compared with other sentences imposed in Luzerne County for the same offense. That contention contravenes the traditional and well established practice of individualized sentencing. The American Bar Association Standards for Criminal Justice emphasize the importance of individualized sentencing, and consider an evaluation of the particular offense, as well as the offender, to be essential.[3] The Pennsylvania Supreme Court has stated:

1. 18 Pa.Cons.Stat.Ann. 5121(a) (Purdon 1972).

2. 18 Pa.Cons.Stat.Ann. § 1103(3) (Purdon 1973).

3. Standards for Criminal Justice, Intro. to Ch. 18 (1979 Approved Draft 1980).

34

> The sentence must be imposed for the minimum amount of confinement that is consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant. See 18 Pa.C.S. § 1321(b) (Supp.1975). At least two factors are crucial to such determination—the particular circumstances of the offense and the character of the defendant. Pa.R.C.P. § 1403(a)(2) provides that all pre-sentence reports shall include such information. We hold that regardless whether a pre-sentence report is ordered, the sentencing court must at least consider these two factors in a sentencing determination. Failure to give such individualized consideration requires that these sentences be vacated. *Commonwealth v. Martin*, 466 Pa. 118, 133, 351 A.2d 650, 658 (1976) (footnote omitted).

*See also, Commonwealth v. Cottle*, 493 Pa. 377, 426 A.2d 598 (1981); *Commonwealth v. Knight*, 479 Pa. 209, 387 A.2d 1297 (1978); *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977).

■ This Court declared, in a quite perceptive opinion by Judge Richard DiSalle, *Commonwealth v. Harris*, 286 Pa.Super. 601, 609, 429 A.2d 685, 689 (1981):

> The fact that appellant's co-defendant received a lesser sentence does not necessarily lead to the conclusion that appellant's sentence was too harsh. The trial court gave sufficient reason for its respective sentences, including, but not limited to, a consideration of appellant's past criminal history, his failure to make use of the past opportunities made available to him at several juvenile institutions and the violence of the crimes for which he was being sentenced. Further, *it is the policy of the Commonwealth to provide "individual sentencing" for defendants to permit more just sentencing. Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976) (emphasis supplied).

*See also Commonwealth v. Burton*, 451 Pa. 12, 301 A.2d 675 (1973); *Commonwealth v. Landi*, 280 Pa.Super. 134, 421 A.2d 442 (1980). If a judge may impose different sentences on

individuals involved in the same occurrence, we are compelled to conclude that, when a particular offense has been committed in a particular county, the sentencing judge is not required to impose similar sentences for separate convictions of that offense.

Appellant has failed to provide any support for the argument that his sentence should be compared with sentences for similar offenses in Luzerne County. Neither the governing statute on sentencing[4] nor the controlling case law require, or even suggest, that a sentencing judge should consider sentences imposed on other defendants in that county for the same crime. We reject this contention.

Appellant further contends that, in light of the particular circumstances of this case, the sentence was excessive. A timeless principle of this area of the law is that appellate courts are reluctant to intrude upon the sentencing discretion of the trial courts and normally leave the sentence undisturbed because the trial court is in a far better position to weigh the factors involved in such a determination. This discretion has, however, been circumscribed by not only judicial decision but also by the Sentencing Code (42 Pa.C. S.A. § 9701 *et seq.*) and by the Rules of Criminal Procedure.

We have already herein discussed the mandate of the Pennsylvania Supreme Court in *Commonwealth v. Martin, supra,* that the court must in a sentencing determination consider both the circumstances of the offense as well as the character of the defendant. The Sentencing Code (42 Pa.C. S.A. § 9721 through 9726) provides several possible dispositions for criminal offenses as well as guidelines for the sentencing court to consider as it selects the sentence for imposition. Both the Sentencing Code (42 Pa.C.S.A. § 9721) and *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977) have provided a mandate that the sentencing court state on the record the reasons for the sentence; and this court has held that when determining whether the sentencing judge has abused his discretion by imposing a manifestly excessive sentence we must review the reasons expressed by

4. 42 Pa.Cons.Stat.Ann. § 9701 *et seq.* (Purdon 1981).

the Judge for the sentence imposed. *Commonwealth v. Valentin*, 259 Pa.Super. 496, 393 A.2d 935 (1978).

■ As we have noted, the learned Luzerne County Common Pleas Court Judge Arthur D. Dalessandro imposed a two to four year sentence, a term of imprisonment well within the statutory maximum. Our review of the record compels the conclusion that the trial court observed all of the procedural limits and requirements placed upon it. The court had sufficient and accurate information concerning both the offense as well as the character and background of the defendant, including a presentence investigation report; the court evaluated this information, heard from both counsel for the defendant and the defendant himself and, in fact, discussed with defendant a portion of the report relating to his employment record; and the court made reference to the guidelines specified in the sentencing code when expressing a statement of reasons for the sentence. We cannot say the court abused its discretion by imposing an excessive sentence. We, therefore, leave the sentence undisturbed.

Judgment of sentence affirmed.