457 A.2d 957

**COMMONWEALTH of Pennsylvania**

**v.**

**Louis SINWELL, Appellant.**

Superior Court of Pennsylvania.

Argued May 3, 1982.

Filed March 11, 1983.

James Richard Moyles, Stroudsburg, for appellant.

Donald B. Corriere, District Attorney, Easton, submitted a brief on behalf of Commonwealth, appellee.

Before SPAETH, ROWLEY and CIRILLO, JJ.

ROWLEY, Judge:

Appellant and three other men were arrested on March 23, 1980 and charged with theft of movable property, receiving stolen property and criminal conspiracy. The trial of appellant and co-defendant Chester Gold was severed from that of co-defendants Daniel Stahler and Edward Harka. Following a jury trial, appellant was found guilty of all charges. Motions for a New Trial and in Arrest of Judgment were filed and denied. On October 1, 1981, appellant was sentenced to not less than eight months nor more than twenty-four months imprisonment, and was made available for immediate work release. Appellant then filed a Motion for Reconsideration of Sentence which was summarily denied on October 13, 1981. This appeal followed.

Appellant raises five issues on appeal: 1) Did the court err in admitting into evidence certain photographs depicting the scene of the crime?; 2) Did the court err in refusing to grant appellant's Motion for a Mistrial?; 3) Did the court err in refusing to grant appellant's Demurrer?; 4) Did the court err in refusing to grant appellant's Motion for a Directed Verdict?; and 5) Did the court abuse its discretion by imposing a sentence upon appellant which was grossly

disparate to that imposed upon co-defendants Stahler and Gold?

The facts of the case are as follows. On the night of March 23, 1980, Officer Richard Kitlar of the Bethlehem Township Police observed appellant and his three co-defendants trying to push something into a Ford Falcon automobile. The vehicle was parked near an embankment at a closed entrance to a Bethlehem Steel quarry. Upon arriving at the vehicle, Officer Kitler discovered that it was filled with a "tremendous amount" of copper wire. Beginning at the vehicle, there was a continuous trail of footprints, disturbed terrain, drag marks and strands of wire which led through the quarry to a stone crusher building where conduit pipe had been cut and copper wire had been stripped. This trail was followed on the night in question and again the next morning, at which time it was photographed. At the crusher, a hacksaw, new hacksaw blades and blade wrappers were found. The copper wire found in the vehicle was positively identified as having come from the freshly cut conduit pipes at the crusher.

■ At trial, the Commonwealth introduced into evidence photographs depicting footprints and drag marks from the site where the car was parked to the stone crusher. Appellant argues that the admission of these photographs was improper for two reasons: 1) a proper foundation was not laid for introduction of the photographs; and 2) the footprints in the photographs were in no way linked to appellant. The admission of photographs in a criminal case is in the sound discretion of the trial court and will not afford grounds for reversal absent a flagrant abuse of discretion. *Commonwealth v. Reese*, 237 Pa.Super. 326, 352 A.2d 143 (1975). We find no such abuse of discretion in this case.

■ A review of the record indicates that a proper foundation was laid for admission of the photographs. Three Commonwealth witnesses testified that the photographs were a fair and accurate depiction of the scene on the night in question. Such evidence is sufficient to lay a foundation

for the photographs' admission. *See, Commonwealth v. Mangini*, 478 Pa. 147, 386 A.2d 482 (1978).

■ Appellant also argues, however, that footprint evidence is not admissible unless matched or compared with the shoes of the accused. In this case, no attempt was made by the Commonwealth at trial to match or compare the footprints shown in the photographs to the shoes worn by appellant on the night he was arrested.[1] It appears that Pennsylvania's appellate courts have not yet ruled on whether "noncomparison" footprint evidence may be received as a means of linking an accused to the crime for which he is being prosecuted. However, a number of other jurisdictions have addressed the question, with some holding that such evidence is admissible and others excluding it. *See* Annot., 35 A.L.R.2d 852 (1954); 1 Wharton's Criminal Evidence § 193 (13th ed. 1972).

We recognize that evidence of footprints alone, without more, would not be admissible. However, evidence of additional circumstance may be sufficient to make the evidence relating to the "noncompared" footprints relevant and therefore admissible. We have concluded that in view of the evidence of additional circumstances present in this case, the photographs were properly admitted. A case similar to the one presently before us is *People v. Flores*, 92 Mich.App. 130, 284 N.W.2d 510 (1979). In *Flores*, a rape victim's neighbor discovered a trail of footprints in the snow leading from the victim's house to the house in which the defendant was found. The Michigan Court of Appeals held that evidence of the footprints was admissible since the jury could properly infer from them the presence of the maker at the time of the crime. Even though the prosecutor in *Flores* could not identify the footprints as those of the defendant, it was held that this factor did not effect admissibility, but rather was properly a matter of weight for the

1. Prior to trial the suppression court ruled that the arrests were made without probable cause and evidence of the examination of appellant's shoes was suppressed. The photographs and observations of the crime scene were not suppressed since these were obtained by means sufficiently distinguishable from the arrest.

trier of fact. Likewise, when the presence of additional circumstances warrants it, we hold that footprint evidence is admissible, although not based on comparison evidence, to prove an accused's involvement in the crime charged.

■ While the footprint evidence in this case was relevant to prove appellant's involvement in the crime, that was not the only issue in the case to which it was relevant. Evidence is relevant when it tends to establish facts in issue or in some degree advances the inquiry and thus has probative value. *Whistler Sportswear v. Rullo*, 289 Pa.Super. 230, 433 A.2d 40 (1981). One of the purposes for admitting the photographs of the footprints into evidence in this case was to show that the copper found in the car had been brought there from the stone crusher building at the Bethlehem Steel quarry. Certainly, evidence from which it can be inferred that the copper in appellant's possession had been taken from Bethlehem's property was relevant. The photographic evidence of footprints in this case was therefore relevant and its admission did not constitute an abuse of discretion.

■ Appellant next argues that the court erred in refusing to grant a mistrial after the Commonwealth's chief witness, a police officer, "paraded" in full view of the jury with an inadmissible item of evidence; specifically, a hacksaw. Nothing in the record supports the allegation that this item was "paraded" in front of the jury. It does appear, however, that the witness had the hacksaw in the courtroom with him briefly prior to the beginning of testimony. This item was never suppressed. It was not introduced into evidence because it was inadvertently not listed as tangible evidence in the Commonwealth's answer to pre-trial discovery. There is no indication that any of the jurors actually noticed the hacksaw. Furthermore, during cross-examination of the officer, appellant's own attorney extensively questioned the witness about the same hacksaw. A brief glimpse of the hacksaw by the jury, if they did see it, could not have caused any prejudice to appellant. Therefore, the Motion for Mistrial was properly denied.

 Appellant's arguments that the court erred in denying his Demurrer and Motion for a Directed Verdict are both based on the allegation that the evidence was insufficient to support a verdict of guilty. In reviewing the sufficiency of the evidence to support a conviction, we must view the evidence in the light most favorable to the Commonwealth, as the verdict winner. *Commonwealth v. Smith*, 484 Pa. 70, 71, 398 A.2d 948 (1979). It is true that all of the evidence against appellant was circumstantial. However, circumstantial evidence alone may be sufficient to support a conviction. *Commonwealth v. Cox*, 460 Pa. 566, 333 A.2d 917 (1975). We disagree with appellant that he was "merely seen in the vicinity of the alleged offense." Appellant and three others were observed pushing something into a car which was almost completely filled with copper wire. A continuous trail of footprints, drag marks and pieces of wire led directly from that car to a stone crusher from which copper wire had been stripped. The wire in the car was positively identified as having come from the pipes at the crusher. The evidence presented by the Commonwealth was sufficient to support the verdicts.

Appellant's final argument is that the court abused its discretion by imposing a sentence upon him which was grossly disparate to that imposed upon co-defendants Stahler and Gold.

 A review of the record shows that Stahler received a term of imprisonment of not less than six nor more than twenty-three months. That sentence is substantially similar to appellant's sentence of not less than eight nor more than twenty-four months. We find no "gross disparity" between the sentences received by appellant and Stahler. A disparity does exist, however, between the sentences received by appellant and Gold. Although Gold received a sentence of not less than six nor more than twenty-four months, that sentence was suspended and Gold was placed on probation for two years.

■ The trial court is not bound to impose a like sentence on all participants of a crime. *Commonwealth v. Landi*, 280 Pa.Super. 134, 421 A.2d 442 (1980). However, in order to impose different sentences on co-defendants, the court must articulate differences between the co-defendants that justify the disparate sentences. *Commonwealth v. Thurmond*, 257 Pa.Super. 464, 390 A.2d 1330 (1978). The reason why one co-defendant receives a more severe sentence than another must be stated on the record. *Commonwealth v. McQuaid*, 273 Pa.Super. 600, 417 A.2d 1210 (1980).

■ In the present case, the sentencing judge received presentence reports on both appellant and Gold. However, the reports are not included in the record filed with this Court on appeal, and we do not know what differences between Gold and appellant may be disclosed therein. From a comparison of the sentencing hearing transcripts, it appears that appellant had two prior convictions: one for driving with a suspended license, and one for drag racing. At the time of sentencing, he was working full time at Bethlehem Steel where he had worked since 1974.

Gold, on the other hand, had at least three prior convictions: one for robbery, one for a drug related offense, and one for receiving stolen property. Gold was unemployed at the time of sentencing and had been fired several times for repeated tardiness and absenteeism. Furthermore, Gold was on probation at the time this offense was committed.

At the time of sentencing, the court did not explain why Gold received a sentence of probation as compared to one of imprisonment for appellant. Appellant filed a Motion for Reconsideration of Sentence. However, the Motion was denied without a hearing and without an opinion. In its opinion filed pursuant to Pa.R.A.P. 1925, the court merely refers to the sentence colloquy, without explanation of the disparity.

Because the reasons for the disparity in sentences received by appellant and co-defendant Gold are not stated on

the record, we will vacate the Judgment of Sentence imposed upon appellant and remand this case for resentencing. At that time, the court should state, on the record, the reasons for the disparity, if any, between appellant's sentence and those imposed on his co-defendants.

Judgment of Sentence vacated and case remanded for resentencing in accordance with the foregoing opinion.

Jurisdiction is relinquished.