477 A.2d 879

**COMMONWEALTH of Pennsylvania**

v.

**Philip VELEZ, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 14, 1984.

Filed June 19, 1984.

Robert J. Liptak, Bethlehem, for appellant.

Michael Vedomsky, Assistant District Attorney, Easton, for Commonwealth, appellee.

Before CAVANAUGH, CIRILLO and WATKINS, JJ.

CAVANAUGH, Judge:

This is an appeal from judgment of sentence. Appellant argues, on appeal, that the sentencing court erred in (1) not

placing on the record the reasons for the disparity between appellant's sentence and his co-defendants' sentences, and (2) considering inaccurate facts and by not giving defendant's individual circumstances adequate consideration. We agree that appellant's first contention of error may have merit, and therefore remand for reconsideration of sentence, thus not reaching appellant's second contention of error.

Appellant was sentenced on various criminal charges on September 7, 1983, by the Honorable Michael Franciosa. The sentences of appellant's co-defendants [1] as well as the identity of the sentencing judge of these co-defendants, do not appear on the sentencing hearing transcript. In addition, we cannot ascertain these facts from any part of the record on appeal. In the absence of these facts, we find that remand is appropriate, as the sentencing judge may have failed to state the reasons for disparity of sentence, if any, among co-defendants pursuant to *Commonwealth v. Sinwell*, 311 Pa.Super. 419, 457 A.2d 957 (1983); *Commonwealth v. Thurmond*, 257 Pa.Super. 464, 390 A.2d 1330 (1978); and *Commonwealth v. McQuaid*, 273 Pa.Super. 600, 417 A.2d 1210 (1980).

The above cited cases hold that in order for a trial judge to impose different sentences on co-defendants, he must find differences between the co-defendants to justify the sentences. *Commonwealth v. Sinwell, supra* 311 Pa.Super. at 427, 457 A.2d at 960; *Commonwealth v. McQuaid, supra* 273 Pa.Super. at 611, 417 A.2d at 1216; *Commonwealth v. Thurmond, supra* 257 Pa.Super. at 467, 390 A.2d at 1331. The reason that one co-defendant receives a more severe sentence than another must be stated on the record. *Commonwealth v. Sinwell, supra, Commonwealth v. McQuaid, supra.*

In the instant case, not only are we unable to discern the identity of the co-defendants' sentencing judge from the

1. Appellant had five co-defendants. From the record, we can ascertain that two of these co-defendants are juveniles, and one co-defendant turned state's evidence. There is no additional information regarding the other two co-defendants.

record, we are also unable to discern whether appellant did, in fact, receive a disparate sentence in relation to his co-defendants because the sentencing hearing transcript does not refer to the co-defendants' sentences. The sole mention of appellant's co-defendants, which is at all relevant to appellant's contention herein, is in the guilty plea colloquy where Investigator Doyle, a Commonwealth witness, testified that the co-defendants had already been convicted or offered to plead. However, we cannot glean from the record, whether the co-defendants had actually been sentenced at the time appellant was sentenced. Without this information, it is not possible to ascertain whether the sentencing judge erred in sentencing appellant without discussing, on the record, the sentences of appellant's co-defendants.

The dissent would have us go outside of the record below and call the prothonotary to ascertain the identity of the sentencing judges of appellant's co-defendants. The rationale behind this proposal appears to be that these matters are recorded as business records of the court. The dissent at the same time recognizes that it is well established that an appellate court may not consider information outside the record on appeal. *Commonwealth v. Young,* 456 Pa. 102, 317 A.2d 258 (1974). (An appellate court will not consider the statement of the trial judge that he instructed the jury on reasonable doubt where the transcript does not include instruction.) The record produced by the proceedings in the court below and general court records kept by clerical personnel are entirely different and the latter may not be utilized by an appellate court in adjudicating an appeal. The principle that an appellate court may not seek out evidence on its own is basic to our adversary system and should be absolute.

An appellate court may only review the decision of the lower court by taking into account matters that are of record. ("It is well established that an appellate court may not consider facts unless they are duly certified in the record."); *Commonwealth v. Walsh,* 252 Pa.Super. 111, 113, 380 A.2d 1307, 1308 (1977); *Commonwealth v. Jones,*

18

478 Pa. 172, 180, 386 A.2d 495, 499 (1978) ("It is axiomatic that an appellate court may consider only matters that appear of record."); *Commonwealth v. Young,* 456 Pa. 102, 317 A.2d 258 (1974); *Commonwealth v. Quinlan,* 488 Pa. 255, 412 A.2d 494 (1980); *Commonwealth v. Glover,* 500 Pa. 524, n. 1, 458 A.2d 935, n. 1 (1983); *Pittsburgh's Airport Motel v. Airport Asphalt,* 322 Pa.Super. 149, 469 A.2d 226 (1983); *Commonwealth v. Roberson,* 258 Pa.Super. 471, 393 A.2d 455 (1978); *Commonwealth v. Rini,* 285 Pa.Super. 475, 427 A.2d 1385 (1981); *Commonwealth v. Lynch,* 304 Pa.Super. 248, 450 A.2d 664 (1983); *Cf., Commonwealth v. Boettcher,* 313 Pa.Super. 194, 459 A.2d 806 (1983); *Commonwealth v. Nelson,* 311 Pa.Super. 1, 456 A.2d 1383 (1983). In light of these cases, we do not believe the word "record" applies to court records not made as a matter of record during the proceedings which occur in the court below. That is, the records that employees of the judiciary keep as a matter of the day to day record keeping of court business are not meant to be included as records in the meaning espoused in the above cited cases.

We remand this case for reconsideration of sentence to determine whether appellant's co-defendants were sentenced by the same judge, and if they were, whether the sentences were in fact disparate. Following proceedings below a new appeal may be taken. We do not retain jurisdiction.

CIRILLO, J., filed dissenting opinion.

CIRILLO, Judge, dissenting:

The majority remands this case today because it is unable to determine from the transmitted record whether the same judge sentenced both appellant and his co-defendants. In my view a remand in these circumstances is wholly unnecessary and contrary to our concerns for judicial economy. We can easily and reliably ascertain whether the same judge presided over the sentencing of the several co-defendants, without needing to resort to a remand.

In Pennsylvania we function under a unified judicial system, of which the Superior Court and all common pleas

courts are a part. Pa. Const., Art. 5, § 1; 42 Pa.C.S. § 301. "It is the policy of the unified judicial system to bring each pending matter to a final conclusion as promptly as possible consistent with the character of the matter and the resources of the system." Pa.R.J.A. 1901. "One of the purposes of a unified court is, of course, to simplify procedure and remove archaism from the judicial system." *Gorden v. Cutler*, 324 Pa.Super. 35, 43, 471 A.2d 449, 453 (1983). I fault the majority for failing to utilize our unified judicial system in an economical fashion.

I recognize the long settled rule that an appellate court may not consider matters outside the record on appeal. *Commonwealth v. Young*, 456 Pa. 102, 317 A.2d 258 (1974). Nevertheless, I respectfully submit that the identity of the presiding judge at the time of sentencing is a matter *of record* which we may take notice of and consider, whether it is included in the transmitted record or not.

The record keeping practices of our trial courts are controlled by statute and supervised by our Supreme Court, and their records are eminently reliable. 42 Pa.C.S. 4301;[1] Pa.R.J.A. 505(11). By arrangement of the Court Administrator of Pennsylvania, certain uniform docketing procedures have been established throughout the common pleas court system in this Commonwealth. Particularly noteworthy is the uniform practice of recording the name of the sentencing judge.[2] If we are to take the concept of a unified judiciary seriously, we should not hesitate to utilize these fine records in order to learn certain administrative facts which may not appear in the record transmitted for appeal.

1. 42 Pa.C.S. 4301 pertains to the "Establishment and maintenance of judicial records." This section provides that the docketing procedures of all courts of this Commonwealth "shall be uniform to the maximum extent practicable."

2. Pursuant to directives issued by the Court Administrator, all counties except Philadelphia complete and submit a docket transcript form on all criminal cases. This form requires identification of the judge who presided at the time of sentencing. Philadelphia County does not submit the docket transcript form, however, the clerk of quarter

In this case, we need only determine whether the same judge or different judges presided over the sentencing of appellant and his co-defendants. Although the identity of the judge who sentenced appellant's co-defendants is not found in the transmitted record, we may learn this information through simple inquiry to the clerk of the court of common pleas.

In the interest of justice and judicial economy, I see no cause to remand this case.[3] We now have a modern, fully integrated court system. There is no compelling reason that we should not, in this limited situation, make full use of the resources available to us through this system—and recognize certain administrative records of our co-constituent courts as if they were our own.

Since I find appellant's remaining claim to be without merit, I would affirm judgment of sentence.

sessions routinely enters the pertinent information in its automated docket (which is then accessed by the Court Administrator).

3. Through inquiry I have learned that appellant and his co-defendants were tried separately and sentenced by different judges. Disparity of sentences among co-defendants in such circumstances need not be explained by a sentencing judge. *Commonwealth v. Kalson*, 301 Pa.Super. 31, 446 A.2d 1320 (1982).