J-S63043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
GREGORY J. MOSER :
:
Appellant : No. 772 WDA 2018

Appeal from the Judgment of Sentence April 12, 2018
In the Court of Common Pleas of Potter County Criminal Division at
No(s): CP-53-CR-0000258-2016

BEFORE:  OTT, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E. :        **FILED DECEMBER 18, 2018**

Appellant, Gregory J. Moser, appeals from the judgment of sentence entered April 12, 2018, in the Potter County Court of Common Pleas, following his guilty plea to, and sentencing on, eleven counts of sexual abuse of children - possession of child pornography, 18 Pa.C.S. § 6312(d).  Appellant contends that his sentence of twenty-eight to fifty-six months' imprisonment is excessive.  After a careful review, we affirm.

The relevant facts and procedural history are as follows: Appellant was charged with twenty counts of disseminating child pornography and one count of criminal use of a communication facility.  On September 6, 2017, Appellant entered into a negotiated agreement by which the Commonwealth would amend the information to reflect eleven counts of the Section 6312(d) charges, to which Appellant would plead guilty.  Appellant was to receive concurrent sentences.  The trial court thereafter ordered an assessment of

_____
*  Former Justice specially assigned to the Superior Court.

whether Appellant should be classified as a sexually violent predator ("SVP")[1] and for a pre-sentence investigation ("PSI").

The Pennsylvania Sexual Offenders Assessment Board ("SOAB") determined that Appellant did not meet the criteria for SVP classification. The SVP assessment included Appellant's history as a victim of physical and sexual abuse by his grandparents when he was a child. The SVP assessment further stated:

> There are no additional factors that are supported in the field of sexual offending that are reasonably related to the risk of re-offense.
>
> ***
>
> The literature clearly shows that there are two (2) pathways to sexual re-offense, chronic antisociality and sexual deviance. [Appellant] did not utilize either of these pathways to offend.

SVP Assessment, 11/15/2017, at 4-5.

The PSI noted that the standard sentencing range for Appellant's offenses was thirty to forty-two months' imprisonment, the mitigated range was eighteen months' imprisonment, and the aggravated range was fifty-four

---

[1] The SVP assessment has not been included in the certified record; however, a copy of the SVP assessment has been included in Appellant's reproduced record. Generally, this Court may only consider documents that have been included in the certified record. **See Erie Ins. Exch. v. Moore**, 175 A.3d 999, 1006 (Pa.Super. 2017). However, where, as here, the accuracy of the SVP document is not in dispute, for the sake of judicial economy, we shall consider the SVP assessment included in Appellant's reproduced record. **See Commonwealth v. Barnett**, 121 A.3d 534, 546 n.3 (Pa.Super. 2015) ("While this Court generally may only consider facts that have been duly certified in the record, where the accuracy of a document is undisputed and contained in the reproduced record, we may consider it.") (citations omitted)).

months' imprisonment. Attached to the PSI as exhibits were letters about Appellant's positive character from his employer and members of his community, and Appellant's own statement about his memories of being abused as a child, along with expressions of sorrow and regret for his actions. PSI, Exs. "A"-"C."

At sentencing, Appellant presented a letter and testimony from a social worker indicating that Appellant's viewing of the offending material was based on childhood trauma; he also presented a statement from his wife about his good character. N.T., 4/11/2018, at 4-5; Sentencing Mem., 4/9/2018, Exs. "C"-"D."[2] Appellant further provided the trial court with copies of orders involving similar crimes and situations in nearby Tioga County, where the defendants received minimal sentences. *Id.*, Exs. "A"-"B." During his allocution, Appellant again apologized, stated that he was receiving counseling, and reiterated that he had been physically and sexually abused as a child. N.T., 4/11/2018, at 11.

The trial court proceeded on April 11, 2018, to sentence Appellant to concurrent terms of imprisonment, stating that it was sentencing Appellant to a standard-range sentence of twenty-eight to fifty-six months' imprisonment.

_____

[2] The exhibits attached to Appellant's sentencing memorandum dated April 9, 2018, are not labelled, but the letters from Appellant's counselor-social worker and from his wife are the third and fourth attachments, respectively. We will therefore cite to them as Exhibit "C" and Exhibit "D," respectively.

Immediately prior to sentencing, the trial court explained its reasoning on the record:

> I have had a chance in the last couple days to review a lot of information regarding [Appellant]. I was able to review the letters from his therapist, his counselor, some positive letters from family members, employer, friends, community members regarding a gentleman that's contributed a lot to his community and balanced against his activities in downloading some very disturbing images of children depicted in sexual acts. So I've heard, not only did I hear [his] counselor speak today I had a chance to also review his report and letter. I've reviewed the sentencing guidelines, I've reviewed the character of this gentleman based upon information provided to me. The guidelines are given to a Judge to give him an opportunity to impose a sentence that would be relatively consistent across the Commonwealth and so I don't take those guidelines lightly. I do look to see if there is any mitigating factors or aggravating factors that would take me above or below the guidelines. I appreciate that [Appellant] may have suffered some issues as a child and that perhaps that has [a]ffected his abilities and some of his decisions. I certainly think that there are many people that have gone through similar things that have not gone down the road of [Appellant]. These are not innocent acts in my opinion. If there was not a market for these types of depictions, than I suspect this would all go away but because there is a market of people trying to view these images these victims are continually created.
>
> So having reviewed all this I am not going to go to the mitigated range, but I am going to go a little bit below the standard range in imposing a sentence on this gentleman.

N.T., 4/11/2018, at 15-16.

Appellant filed a timely post-sentence motion on April 20, 2018, which the trial court denied on April 27, 2018. Appellant filed the instant, timely notice of appeal on May 23, 2018, and timely filed a Pa.R.A.P. 1925(b)

statement pursuant to the trial court's order.[3]  The trial court filed a Pa.R.A.P.

1925(a) statement stating its reliance on its record at sentencing.[4]

Appellant presents the following issue for our review:

Did the [t]rial [c]ourt err in sentencing Appellant to an excessive sentence of 28 to 56 months['] incarceration where the [t]rial [c]ourt failed to consider substantial mitigating factors and failed to consider significantly less onerous sentences imposed for the same offense in a neighboring jurisdiction?

Appellant's Brief at 4.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right.  Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine:  (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code.  The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to exceptional cases.

---

[3] Appellant requested an extension of time to file the statement, which the trial court granted, and Appellant filed his statement timely.

[4] The notes of testimony from Appellant's sentencing hearing on April 11, 2018, were filed in the certified record on May 31, 2018.

***Commonwealth v. Manivannan***, 186 A.3d 472, 489 (Pa.Super. 2018) (quotation marks, some citations, and bold omitted).

As an initial matter, we note that Appellant has: (1) timely filed a notice of appeal, (2) preserved the instant issue in a post-sentence motion, and (3) included a Pa.R.A.P. 2119(f) statement in his brief. Appellant's Brief at 5-11. ***See Manivannan***, 186 A.3d at 489. We therefore turn to the next requirement: whether the question raised by Appellant is a substantial question meriting our discretionary review. ***See id.***

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Id.*** (quotation marks and some citations omitted).

In his Pa.R.A.P. 2119(f) statement, Appellant contends that the trial court failed "to individualize [his] sentence[,]" specifying that the trial court "failed to adequately consider [his] background as having been abused as a child, his rehabilitative reaction to being criminally charged, his work and family history and the fact that there was no evidence presented of any particular risk of re-offending." Appellant's Brief at 10.

"One of the fundamental norms of the sentencing process is that a defendant's sentence be individualized." ***Commonwealth v. Luketic***, 162 A.3d 1149, 1160 (Pa.Super. 2017) (citing ***Commonwealth v. Devers***, 519 Pa. 88, 546 A.2d 12, 13 (1988) (holding that "sentencing must result both

from a consideration of the nature and circumstances of the crime as well as the character of the defendant") (footnote omitted)). Thus, by alleging that the sentence imposed on Appellant is contrary to a fundamental norm of the sentencing process – *i.e.*, individualized sentencing, Appellant has raised a substantial question. ***See*** Appellant's Brief at 10; ***Manivannan***, 186 A.3d at 489; ***Luketic***, 162 A.3d at 1160. Hence, we will consider the substantive merits of Appellant's sentencing claim.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Zirkle***, 107 A.3d 127, 132 (Pa.Super. 2014) (quotation omitted).

Here, Appellant contends that "[t]he sentence imposed by the [t]rial [c]ourt . . . is 'clearly unreasonable' based upon the circumstances of the case." Appellant's Brief at 19. Appellant argues that he pleaded "guilty to only <u>possession</u> of child pornography" and not to "forward[ing] or distribut[ing] pornography to any other person or entity." ***Id.*** He continues that he had "terminated his unlawful activity prior to being charged" and had sought counseling thereafter. ***Id.*** at 19, 23 (citing N.T., 4/11/2018, at 4-5; Sentencing Mem., 4/9/2018, Ex. "C"). He emphasizes that the SOAB

determined he did not demonstrate a likelihood to re-offend. *Id.* at 20-21

(citing SVP Assessment, 11/15/2017, at 4-5). He concludes:

> Thus, the [t]rial [c]ourt had before it a 60-year old respected member of the community, who probably, as a result of being molested as a child, watched pornography videos on his computer. All of the evidence pointed to Appellant's being a good citizen, a good employee, a good stepfather and a law-abiding person. The question becomes, "Why does such an individual need to be incarcerated in the state prison for over two years?"

*Id.* at 24.

"A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Schutzues*, 54 A.3d 86, 99 (Pa.Super. 2012). In addition:

> Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed.

*Devers*, 519 Pa. at 101-02, 546 A.2d at 18.

> Accordingly, where the sentencing judge had the benefit of a pre-sentence report, it will be presumed that he was aware of relevant information regarding appellant's character and weighed those considerations along with the mitigating statutory factors.

*Commonwealth v. Fullin*, 892 A.2d 843, 849-50 (Pa.Super. 2014) (quotation omitted).

In the case *sub judice*, in its remarks during the sentencing hearing, quoted above in their entirety, the trial court explicitly stated that it "review[ed] the letters from [Appellant's] therapist, his counselor, . . . family members, employer, friends, [and] community members[.]"   N.T., 4/11/2018, at 15.  It also "hear[d his] counselor speak" during the sentencing hearing and stated that it "appreciate[d] that [Appellant] has suffered some issues as a child and that perhaps that has [a]ffected his abilities and some of his decisions."  *Id.* at 15-16.

Additionally, as a PSI exists, we presume that the trial court rendered Appellant's sentence fully informed by it.  *See Devers*, *supra*; *Fullin*, *supra*. Consequently, we accept that the trial court considered Appellant's statement that he was abused as a child, the letter from his employer articulating his work history, and the statements from community members expressing their respect for Appellant.  *See id.*; PSI, Exs. "A"-"C."

As for Appellant's contention that the trial court did not consider the SOAB's conclusion that he was unlikely to re-offend, the SVP assessment was incorporated into the PSI.  *See* PSI at 3.  We therefore presume that, as with the other content from the PSI, the trial court was aware of this information regarding Appellant's character and weighed this consideration along with all other factors.  *See Devers*, *supra*; *Fullin*, *supra*.  Accordingly, the record

contradicts Appellant's assertions that the trial court did not consider that he suffered abuse as a child, that he sought counseling, that he was a respected member of the community, or his work and family history. **Compare** Appellant's Brief at 19, 23-24 **with** N.T., 4/11/2018, at 15-16, **and** PSI, Exs. "A"-"C."

Finally, we note that, in Appellant's statement of questions involved pursuant to Pa.R.A.P. 2111(a)(4) and 2116, Appellant alleged an additional reason that the trial court erred, that is, the trial court "failed to consider significantly less onerous sentences imposed for the same offense in a neighboring jurisdiction[.]" Appellant's Brief at 4. Appellant does not include any related argument in the "Argument" section of his brief pursuant to Pa.R.A.P. 2111(a)(8) and 2119. Appellant's Brief at 18-28. The failure to develop an argument and support it with pertinent authority is a violation of our briefing rules, which results in waiver of the unsupported issue. **See, e.g.**, **Commonwealth v. Spotz**, 610 Pa. 17, 80 n.21, 18 A.3d 244, 281 n.21 (2011) ("[O]ne sentence does not constitute a developed, reasoned, supported, or even intelligible argument. The matter is waived for lack of development."); **In re Estate of Whitley**, 50 A.3d 203, 209 (Pa.Super. 2012) ("The argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities[; t]his Court will not consider the merits of an argument which fails to cite relevant case or statutory authority.") (internal citations and

quotation marks omitted)). Accordingly, any claim related to the trial court's disregard for the Tioga County sentencing orders provided by Appellant at his sentencing hearing is waived.

Even had Appellant had preserved this contention, his argument would fail. This Court has held:

> It [] is an abuse of discretion to base one defendant's sentence on the sentence imposed on another defendant. ***See*** [***Commonwealth v.***] ***Coulverson***, 34 A.3d [135,] 147 [(Pa.Super. 2011)] (stating, "individualized sentencing remains the controlling norm of the sentencing process and ... a sentence befitting one defendant may not befit another"); ***Commonwealth v. Kalson***, 301 Pa.Super. 31, 446 A.2d 1320, 1322 (1982) ("Neither the governing statute on sentencing nor the controlling case law require, or even suggest, that a sentencing judge should consider sentences imposed on other defendants in that county for the same crime.") (footnote omitted)).

***Luketic***, 162 A.3d at 1165. ***See Commonwealth v. Martin***, 466 Pa. 118, 351 A.2d 650, 651, 657, 659 (1976) (vacating sentence where three judges agreed in advance to impose identical sentences on six different defendants who were involved in the sale of heroin, because "the procedures employed by the sentencing court. . .ignore[d] the basic premises of Pennsylvania individualized sentencing"). Additionally, "standardized sentences based on a class of crimes or criminals is prohibited." ***Luketic***, 162 A.3d at 1162 n.13.

In the current case, the trial court's decision not to refer to or be guided by the sentencing orders from Tioga County was thereby proper since, contrary to Appellant's suggestion, no statutory or case law requires or recommends that a sentencing court consider sentences imposed on other defendants for the same crime or crimes in the same county, let alone in other

counties.[5]  To do so would undermine "the basic premises of Pennsylvania individualized sentencing," *Martin*, 351 A.2d at 657, by suggesting that the sentence for the same class of crimes should be standardized and that the character of the defendant need not be considered.  *Luketic*, 162 A.3d at 1162 n.13.  Accordingly, we find no abuse of discretion in the sentence imposed on Appellant by the trial court.

Judgment of sentence affirmed.

_____

[5] Assuming consideration of sentencing imposed in neighboring counties were proper, Appellant still failed to provide the trial court or this Court with sufficient information about the circumstances of those Tioga County cases -- including the nature of the crimes and the character of those other defendants -- in order to determine whether those actions were analogous to the current matter.  *See Luketic*, 162 A.3d at 1160 (citing *Devers*, 546 A.2d at 13).

Appellant only submitted the sentencing orders for those other actions, without any other supporting materials such as pleadings, notes of testimony, or trial court opinions from those Tioga County cases -- in order to provide context for their sentencing orders.  Sentencing Mem., 4/9/2018, at Exs. "A"-"B."  Therefore, we are unable to determine how closely those other matters resemble the current one and whether equivalent sentences could have been warranted, if such considerations were permissible.

Moreover, Appellant's suggestion that the trial court should have imposed a sentence in the instant matter comparable to the ones imposed in Tioga County contradict Appellant's primary argument, and proposed substantial question, that the trial court failed to impose an individualized sentence.  *See* Appellant's Brief at 10.  Appellant cannot both claim that the trial court should have individualized his sentence **and** that the trial court should have imposed a sentence similar to those received by other defendants for similar crimes.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/2018