536 A.2d 428

COMMONWEALTH of Pennsylvania

v.

Kevin L. MYERS, Appellant.

Superior Court of Pennsylvania.

Submitted July 6, 1987.

Filed Jan. 21, 1988.

Daniel F. Wolfson, York, for appellant.

Donald R. Lam, Assistant District Attorney, York, for Com., appellee.

Before CIRILLO, President Judge, and HOFFMAN and CERCONE, JJ.

HOFFMAN, Judge:

This is an appeal from the judgment of sentence for robbery. Appellant contends that the sentencing court erred in (1) including his prior juvenile adjudications of delinquency in calculating his prior record score without first making a finding on the record regarding the "nature of these adjudications"; and (2) failing to set forth adequate reasons on the record to justify the disparity between his sentence and that of his co-defendant. For the reasons that follow, we affirm the judgment of sentence.

Appellant entered a plea of guilty to four counts of robbery, two counts of theft, three counts of receiving stolen property, and one count of criminal attempt to commit robbery. He was sentenced to a forty-four-to-eighty-eight-month term of imprisonment for the robbery counts and the other charges merged for sentencing purposes. Under the Sentencing Guidelines, 204 Pa. Code 303.1–.9, *reprinted following* 42 Pa.C.S.A. § 9721, robbery, 18 Pa.C.S.A. § 3701(a)(1)(ii), (iii), carries an offense gravity score of seven. *See* 204 Pa. Code § 303.8. At the time of the instant offense, appellant's prior criminal record included juvenile adjudications for three counts of burglary. Based on that record, appellant was assigned a prior record score of six. *See id.* § 303.7. His sentence was within the mitigated range of the sentencing guidelines. *See id.* § 303.9.[1] Appellant filed a motion to modify his sentence, which was denied, and this appeal followed.

Both contentions raised in this appeal concern discretionary aspects of sentencing.[2] The requirements of Pa.R.A.P. 2119(f) and *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987) therefore apply. Appellant has failed to include in his brief "a concise statement of the reasons relied upon for allowance of appeal" as required by Rule 2119(f) and *Tuladziecki*. In *Commonwealth v. Krum*, 367 Pa. Superior Ct. 511, 533 A.2d 134 (1987), however, this Court, sitting en banc, recently held that an appellant's failure to comply with Rule 2119(f) and *Tuladziecki*, if not

1. Without including the juvenile adjudications, appellant's prior record score would have been zero. The mitigated minimum range for an offense gravity score of seven and a prior record score of zero with a weapons enhancement is 16–to–20 months. *See* 204 Pa. Code § 303.9. Thus, his minimum sentence of forty-four months was considerably longer than that recommended for a prior record score of zero.

2. We note that two recent en banc decisions of this Court have determined that the question whether juvenile adjudications may properly be included in computing prior record scores implicates a discretionary aspect of sentencing and not sentencing legality. *See Commonwealth v. Krum*, 367 Pa. Superior Ct. 511, 533 A.2d 134 (1987); *Commonwealth v. Tilghman*, 366 Pa. Superior Ct. 328, 531 A.2d 441 (1987).

objected to by the appellee, is a waivable procedural violation. *Id.*, 367 Pa.Superior Ct. at 519–520, 533 A.2d at 138. Here, the Commonwealth has not objected to the Rule 2119(f) defect in appellant's brief. Accordingly, the Commonwealth has waived any objection based on the absence of such a statement. We must therefore proceed to examine each of appellant's sentencing claims and "determine, in [our] own discretion, whether there is a substantial issue requiring [us] to review the discretionary aspects of the sentence imposed by the trial court." *Commonwealth v. Krum, supra.*

Appellant first contends that the sentencing court applied the sentencing guidelines erroneously because it included prior juvenile adjudications of delinquency in calculating his prior record score without first making a finding regarding the nature of the adjudications.[3] In *Commonwealth v. Tilghman*, 366 Pa. Superior Ct. 328, 531 A.2d 441 (1987), (en banc), our Court recently concluded that this type of claim presents a substantial question that the sentence imposed is inappropriate. *See id.*, 366 Pa.Superior Ct. at 332 & n. 2, 531 A.2d at 443–44 & n. 2 (substantial question exists if, *inter alia*, it appears that sentencing court erroneously applied sentencing guidelines). *See also* 42 Pa.C.S.A. § 9781(c)(1). Accordingly, we grant the petition for allowance of appeal as to this issue and turn to the merits of the claim.

In computing a defendant's prior record score, the Sentencing Guidelines direct a sentencing court to score, *inter alia*, "[a]ll prior juvenile adjudications of delinquency *where there was an express finding* that the adjudication was based on the commission of a felony or one of the weapons misdemeanors listed in subsection (a)(3) where the adjudication occurred on or after the defendant's 14th birthday." . 204 Pa. Code § 303.7(b)(1)(ii) (emphasis supplied). Appellant's argument is that the court made no findings with

---

**3.** We note that appellant has not challenged the constitutionality of the Sentencing Guidelines. According, *Commonwealth v. Sessoms,* 516 Pa. 365, 532 A.2d 775 (1987) is inapplicable. *Id.*, 516 Pa. at 380 n. 2, 532 A.2d at 782 n. 2.

regard to the nature of his adjudications for delinquency, and thus violated § 303.7(b)(1)(ii) when it included them in calculating his prior record score. We disagree.

■ A review of the sentencing hearing shows that the court indeed found that appellant's prior adjudications of delinquency were based on the commission of felonies. The court stated that

We also note that the prior record of the Defendant occurred in 1981 in which, as a juvenile, he was charged with three counts of burglary and placed on probation for a period of two years. The three burglaries of which the Defendant was convicted as a juvenile are felonies, and therefore, in the prior record score, increases the range of the sentence under the sentencing guidelines. Again, the Court obviously must consider the guidelines and must follow them unless there are exceptional circumstances.

N.T. July 21, 1986 at 5. Accordingly, we conclude that appellant's first claim is meritless.

Appellant next contends that the sentencing court abused its discretion by failing to set forth adequate reasons to justify the disparity between his sentence and that of his co-defendant. "[F]or a trial judge to impose different sentences on co-defendants, he [or she] must find differences between the co-defendants to justify the sentences." *Commonwealth v. Velez*, 329 Pa. Superior Ct. 15, 16, 477 A.2d 879, 880 (1984). Moreover, "[t]he reason that one co-defendant receives a more severe sentence than another must be stated on the record." *Id.* Because appellant's contention, if it proves to have merit, would require that we remand the case for resentencing, *see id.*, 329 Pa.Superior Ct. at 18, 477 A.2d at 881, it presents a substantial question that the sentence imposed was inappropriate. Accordingly, we grant the petition for allowance of appeal as to this issue and turn to the merits of the claim.

■ A sentencing court is not required to impose the same sentence on all participants in a crime. *Commonwealth v. Sinwell*, 311 Pa. Superior Ct. 419, 427, 457 A.2d

957, 960 (1983). Moreover, when a defendant's accomplice is tried, or pleads guilty, in a separate proceeding, and is sentenced by a different judge, the sentencing court is not required to explain a disparity between the defendant's sentence and that of the accomplice. *Commonwealth v. Craft*, 304 Pa. Superior Ct. 494, 500, 450 A.2d 1021, 1023 (1982). *See also Commonwealth v. Holler*, 326 Pa. Superior Ct. 304, 310, 473 A.2d 1103, 1107 (1984) (it is not incumbent upon court to be guided by sentence different court imposes on co-defendant). *But see id.*, 326 Pa.Superior Ct. at 311, 473 A.2d at 1107 (even when different courts sentence co-defendants, there should not be great disparity in sentences imposed unless facts exist to warrant unequal sentences).

In the instant case, appellant pleaded guilty, and was sentenced to a forty-four-to-eighty-eight-month term of imprisonment, while appellant's co-defendant, Sweitzer, who also pleaded guilty, was sentenced, pursuant to a plea arrangement, to two concurrent two-to-four year terms of imprisonment. Appellant and his co-defendant pleaded guilty, and were sentenced, before different judges. N.T. August 11, 1986 at 2–3. Under *Commonwealth v. Craft, supra*, because appellant and his co-defendant appeared before different judges, it was not incumbent upon the sentencing court to explain the disparity in the sentences. Moreover, even if the disparity is so great that reasons should have been given, *see Commonwealth v. Holler, supra*, a review of the sentencing hearing reveals that the court articulated factors that were sufficient to support appellant's sentence. The court noted that appellant's co-defendant, unlike appellant, was sentenced pursuant to a plea arrangement. N.T. August 11, 1986 at 2–3. In addition, the sentencing court had the benefit of a pre-sentence investigation and report, while no such report was prepared regarding appellant's co-defendant. *Id.* Finally, the court below provided ample justification for the sentence imposed: the court was aware of the co-defendant's sentence, appellant's background and circumstances, his improved behavior

since his arrest, as well as the encouraging statements of a witness who testified on appellant's behalf. *Id.* at 5. In light of all of these positive factors, the court then sentenced appellant to the lowest possible minimum sentence available within the mitigated minimum range of the sentencing guidelines. On this record, we cannot conclude that the sentence imposed constituted an abuse of discretion.

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

CIRILLO, President Judge, files a dissenting opinion.

CIRILLO, President Judge, dissenting opinion:

I respectfully dissent. I disagree with the majority's decision to reach the merits of this appeal. Myers challenges discretionary aspects of the sentence imposed. Where a purely discretionary aspect of sentencing is being challenged, the appellant must include in his brief a "concise statement of the reasons relied upon for allowance of appeal." 42 Pa. C.S. § 9781(b). This statement must show that there exists a "substantial question that the sentence imposed is not appropriate under [the Sentencing Code]." *Id.;* Pa. R.A.P. 2119(f); *see also Commonwealth v. Tuladzeicki,* 513 Pa. 508, 522 A.2d 17 (1987).

I disagree with the majority decision in *Commonwealth v. Krum,* 367 Pa.Super. 511, 533 A.2d 134 (1987) (en banc), which held that an appellant's failure to comply with Pa. R.A.P. 2119(f) and *Tuladziecki,* if not objected to by the appellee, is a waivable procedural violation. Compliance with the rule is necessary in order to invoke this court's jurisdiction. The *Krum* majority, in my opinion, has misinterpreted *Tuladziecki. See Krum,* 367 Pa.Super. at 520, 533 A.2d at 139 (Brosky, J., dissenting); *see also Commonwealth v. Tilghman,* 366 Pa.Super. 328, 531 A.2d 441 (1987) (en banc) (Cirillo, P.J., concurring). In failing to include a Rule 2119(f) statement in his brief, Myers has failed to properly invoke this court's jurisdiction. The proper course,

under the supreme court's ruling in *Tuladziecki,* is to quash this appeal.