for Writ of Mandamus and/or Extraordinary Relief is **DENIED.**

COURT OF COMMON PLEAS OF
PHILADELPHIA COUNTY,
Respondent

v.

Anthony JOHNSON, Petitioner.

No. 173 EM 2011.

Supreme Court of Pennsylvania.

April 11, 2012.

## ORDER

PER CURIAM.

**AND NOW,** this 11th day of April, 2012, the Application for Leave to File Original Process is **GRANTED.** To the extent the Petition for Writ of Mandamus and/or Extraordinary Relief requests extraordinary relief, it is **DENIED.** To the extent the Petition for Writ of Mandamus and/or Extraordinary Relief requests mandamus relief, it is **GRANTED.** The Court of Common Pleas of Philadelphia County is directed to adjudicate Petitioner's pending Post Conviction Relief Act petition within 90 days of this order.

COMMONWEALTH of Pennsylvania,
Appellee

v.

**Daunte Jabri ELLISON, Appellant.**

Superior Court of Pennsylvania.

Filed March 2, 2012.

BEFORE: STEVENS, P.J., PANELLA, J., and STRASSBURGER,* J.

PER CURIAM:

Judgment of sentence affirmed.

STRASSBURGER, J., files a concurring opinion.

## CONCURRING OPINION BY STRASSBURGER, J.:

Because I believe that the current state of the law regarding a sentencing judge's consideration of the sentences of co-defendants is less than rational and, as in this case, leads to unfair results, I concur.

Our legislature has determined that for each defendant, "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). Because each co-defendant in a crime may pose a different threat to the community and may have different rehabilitative needs, I agree that it should not be re-

---

* Retired Senior Judge assigned to the Superior Court.

quired that co-defendants receive identical sentences. *See, e.g., Commonwealth v. Mastromarino*, 2 A.3d 581, 589 (Pa.Super.2010) ("The law is well-settled that co-defendants are not required to receive identical sentences.").

However, it is equally well-settled that "there should not be a great disparity in the sentences imposed on codefendants unless facts exist to warrant the unequal sentences." *Commonwealth v. Szczesniewski*, 404 Pa.Super. 617, 591 A.2d 1055, 1056 (1991) (quoting *Commonwealth v. Holler*, 326 Pa.Super. 304, 473 A.2d 1103, 1107 (1984)). Therefore, "[g]enerally, a sentencing court must indicate the reasons for differences in sentences between co-defendants." *Mastromarino*, 2 A.3d at 589 (citing *Commonwealth v. Krysiak*, 369 Pa.Super. 293, 535 A.2d 165, 167 (1987)).

Nonetheless, this Court takes the position that when the co-defendant "is tried, or pleads guilty, in a separate proceeding, and is sentenced by a different judge, the sentencing court is not required to explain a disparity...." *Commonwealth v. Myers*, 370 Pa.Super. 326, 536 A.2d 428, 430 (1988). *See also Commonwealth v. Fuller*, 396 Pa.Super. 605, 579 A.2d 879, 887 (1990), *Szczesniewski*, 591 A.2d at 1057. *But see Commonwealth v. Sinwell*, 311 Pa.Super. 419, 457 A.2d 957, 960–961 (1983) (remanding case of an appellant who was tried with one co-defendant, with the cases of two other codefendants having been severed, for resentencing for the court to state "the reasons for the disparity, if any, between appellant's sentence and those of his co-defendants.").

We have said that different judges within the same jurisdiction **should** consider the sentences of co-defendants handed down by their brethren, but this Court has relegated these statements to mere preca-

tory words. *See, e.g., Szczesniewski*, 591 A.2d at 1057 n. 2 (noting "[w]hen individual sentencing judges are simply part of the same Court of Common Pleas, they should endeavor to mete out similar sentences to co-defendants when justice so dictates," yet holding that sentencing judge was not required to explain the disparity between appellant's sentence and that of another judge's sentence of the co-defendant).

Thus the state of the law is this: whether a criminal defendant is entitled to an explanation why his or her sentence is grossly disparate from that of a co-defendant depends on the dumb luck of whether they are sentenced by the same judge. The unfairness of such a rule is self-evident.

Turning to the instant case, Ellison received an aggregate sentence of 8 to 20 years of imprisonment. His codefendant received five years of probation.[1] N.T., 6/27/2011, at 2. The sentencing court's only justifications for the huge disparity are (1) that Ellison is the one who had the gun, N.T., 6/27/2011, at 2, and (2) a show of deference to the prior judge's sentencing scheme. However, the gun issue is dealt with by imposition of the mandatory minimum sentence of five years, and this Court held the prior judge's sentencing scheme illegal, based upon its application of two mandatory minimums.

Furthermore, Ellison was only 17 years old at the time of the crime. During the four years between the crime and re-sentencing, Ellison had no discipline problems while incarcerated, obtained his GED, and completed a number of rehabilitative programs. The Probation Department recommended a sentence of four-and-one-half

---

1. The co-defendant violated probation and was re-sentenced to two to five years' incarceration for the incident that is the subject of this appeal. N.T., 6/27/2011, at 2.

to nine years' imprisonment.[2] The sentencing court offers no explanation why it imposed virtually the same sentence as the prior sentencing judge, a sentence twice as lengthy as the recommended sentence, in the face of Ellison's intervening rehabilitative efforts.

Were I writing on a clean slate, I would remand this case for re-sentencing, instructing the sentencing court to consider the sentence of Ellison's co-defendant and to fashion a sentence appropriate for Ellison without regard for Ellison's original illegal sentence. Given the current state of the law, I reluctantly concur.

---

**2.** Ellison's attorney recognized that Ellison had to be sentenced to at least the mandatory minimum, and thus asked for a sentence of five to ten years. N.T., 6/1/2011, at 2.