**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SIMON EUGENE GIGEE | : | |
| | : | |
| Appellant | : | No. 1831 MDA 2017 |

Appeal from the Judgment of Sentence November 3, 2017
In the Court of Common Pleas of Tioga County Criminal Division at
No(s):  CP-59-CR-0000032-2017

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 29, 2018**

Appellant, Simon Eugene Gigee, appeals from the judgment of sentence entered on November 3, 2017, following his guilty plea to criminal trespass and theft by unlawful taking.[1]  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  On December 30, 2016, police were summoned to Tri-County Electric in Tioga County regarding an alleged overnight burglary.  Copper wire and various tools totaling approximately $18,000.00 were missing, the padlock to the entry gate was damaged, and there were vehicle tracks and footprints in the snow outside the facility.  Security footage showed two men loading various items into a PT Cruiser.  While on the scene, police received information that a PT Cruiser had crashed into a ditch in a residential yard

---

[1] 18 Pa.C.S.A. §§ 3503 and 3921.

approximately one-half mile from Tri-County Electric. The resident of the house witnessed the accident, identified Appellant as the driver, and gave Appellant and his co-defendant a ride to an unspecified destination. Appellant and co-defendant returned to the scene of the vehicular accident in a red pick-up truck. After unsuccessfully trying to tow the PT Cruiser out of the ditch, Appellant and co-defendant removed the contents from the PT Cruiser.

The Commonwealth filed a criminal complaint against Appellant on December 31, 2016, charging Appellant with the aforementioned crimes, as well as burglary, receiving stolen property, and five violations of the Motor Vehicle Code. On July 17, 2017, Appellant entered a negotiated guilty plea to criminal trespass and theft by unlawful taking, leaving the decision to impose a specific sentence open to the trial court.

On August 16, 2017, the trial court sentenced Appellant to an aggregate term of 30 to 72 months of incarceration. On August 24, 2017, Appellant filed a motion to reconsider his sentence. Because the trial court relied upon an incorrect pre-sentence investigation report that contained inapplicable sentencing guidelines, the trial court held a new sentencing hearing on November 3, 2017 and resentenced Appellant to an aggregate term of 27 to 72 months of incarceration. The trial court further determined that Appellant was eligible under the Recidivism Risk Reduction Incentive (RRRI) after serving 20¼ months of incarceration. Appellant filed a motion to reconsider

this sentence on November 14, 2017.  On November 21, 2017, the trial court

denied relief.  This timely appeal resulted.[2]

On appeal, Appellant presents the following issue for our review:

1. Did [the] sentencing court err in sentencing Appellant to incarceration to the state prison proceeding into the aggravated range based on factors that constitute elements of the offense?

Appellant's Brief at 2 (complete capitalization omitted).

The entire sum of Appellant's argument is as follows:

Appellant is disputing [his] sentence since [his sentence on his conviction for criminal trespass] went from the standard range of 9-16 months to the aggravated range of 19-120 months, and [his sentence on his conviction for theft by unlawful taking] went from the standard range of 12-18 months into aggravated range of 21-84 months.  It is well[-]settled that sentencing courts have very broad discretion in imposing sentences, and that sentencing courts can even, in some circumstances, impose sentences *beyond* the standard sentencing ranges.  [Appellant's] criminal conduct in this case along with his co-defendant actions, were [] equally punishable within the same standards of the crimes, as both were charged under the same criminal complaint number[.] Thus, [because Appellant's] co-defendant received a lesser sentence with another [j]udge, [Appellant] believes that his sentence was prejudicial and unfairly handed down.  [Appellant] believes that his honest forthcoming of all stolen products and their return to their owner should have merit towards his sentence.  [Appellant] believes having been sentenced into the

---

[2] Appellant filed a notice of appeal on November 21, 2017.  On December 6, 2017, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).  Appellant complied timely on December 15, 2017.  On December 29, 2017, Appellant filed a *pro se* amended Rule 1925(b) statement.  As a result, the trial court permitted defense counsel to file an amended Rule 1925(b) statement on Appellant's behalf.  The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on February 8, 2018.

aggravated range and the prejudicial sentence of the co-defendant warrants this [an] err[or] of discretionary judgment.

Appellant's Brief at 5 (emphasis in original).

Initially, we note that, in his questions presented section of his appellate brief, Appellant purports to challenge his "aggravated range [sentence because the trial court] based [it] on factors that constitute elements of the offense[.]" *Id.* However, upon review of the certified record, Appellant did not raise this issue in his Rule 1925 statement or his amended Rule 1925 statement. We simply may not review this aspect of Appellant's current claim. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court cannot be raised for the first time on appeal."); *see also Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011) (issues not raised in a Rule 1925(b) statement will be deemed waived; Rule 1925 violations may be raised by the appellate court *sua sponte*).

Moreover, Appellant's argument focuses almost entirely on the alleged disparity between his sentence and the sentence received by his co-defendant. Accordingly, Appellant challenges the trial court's discretion in imposing sentence. This Court has stated:

> [C]hallenges [to] the discretionary aspects of [] sentence [are] not appealable as of right. Rather, [an a]ppellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 9781. *Commonwealth v. Hanson*, 856 A.2d 1254 (Pa. Super. 2004). When an [a]ppellant challenges a discretionary aspect of sentencing, we must conduct a four-part analysis before we reach the merits of the Appellant's claim. *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011). In this analysis, we must determine: (1) whether the present appeal is timely; (2) whether the issue raised on appeal

- 4 -

was properly preserved; (3) whether [the a]ppellant has filed a statement pursuant to Pa.R.A.P. 2119(f); and (4) whether [the a]ppellant has raised a substantial question[3] that his sentence is not appropriate under the Sentencing Code. *Id.*

*Commonwealth v. King*, 182 A.3d 449, 453 (Pa. Super. 2018).

Here, Appellant has complied with the first three prerequisites as set forth above. He has also raised a substantial question. *See Commonwealth v. Myers*, 536 A.2d 428, 430 (Pa. Super. 1988) (Meyers raised a substantial question when arguing that, "the sentencing court abused its discretion by failing to set forth adequate reasons to justify the disparity between his sentence and that of his co-defendant.").[4] Thus, we will review Appellant's appellate claim.

We adhere to the following standard of review:

The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. Merely erring in judgment is insufficient to constitute abuse of discretion. A court has only abused its discretion when

---

[3] "A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." *King*, 182 A.3d at 454 (citation omitted).

[4] As will be discussed, the law is clear that a sentencing court is not required to explain a disparity between co-defendants' sentences when they were tried in separate proceedings and sentenced by different judges. Thus, there is some doubt as to whether the trial court's failure to justify a disparity between Appellant's sentence and his co-defendant's sentence departs from the fundamental norms underlying the sentencing process necessary to establish a substantial question. However, we will accept Appellant's petition for allowance of appeal, based upon our decision in *Meyers*, and we will examine the merits of Appellant's claim.

the record disclosed that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*King*, 182 A.3d at 454 (internal citations and quotations omitted).

This Court has previously determined:

A sentencing court is not required to impose the same sentence on all participants in a crime. Moreover, when a defendant's accomplice is tried, or pleads guilty, in a separate proceeding, and is sentenced by a different judge, the sentencing court is not required to explain a disparity between the defendant's sentence and that of the accomplice.

*Commonwealth v. Myers*, 536 A.2d 428, 430 (Pa. Super. 1988).

In this case, there is no dispute that different judges tried and sentenced Appellant and his co-defendant. As such, the trial court was not required to explain any disparity between their sentences. *Id.* Moreover, as the trial court further noted in this case, it would have been impossible to provide an explanation for the alleged disparity "because [Appellant] was sentenced prior to his co-defendant." Trial Court Opinion, 2/8/2018, (unpaginated) at *1. Upon review, we agree. Because Appellant's co-defendant had yet to be sentenced at the time of Appellant's sentencing hearing, there was nothing to compare. Accordingly, based upon applicable law and the record before us, we conclude that the trial court did not err as a matter of law or abuse its discretion in sentencing Appellant.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/29/2018