J-S29023-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LENS JEAN-BAPTISTE | : | |
| | : | |
| Appellant | : | No. 237 EDA 2021 |

Appeal from the Judgment of Sentence Entered July 19, 2019,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0000652-2018.

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:        **FILED NOVEMBER 23, 2021**

Lens Jean-Baptiste appeals from the judgment of sentence imposed after he pled guilty to attempted murder and a related firearms violation.[1] Upon review, we affirm.

This case arises from the following facts.  On November 25, 2017, Baptiste, co-defendant Tenny Roscoe, and Gregory Williams met for a drug sale.  Williams stole approximately one pound of marijuana from Baptiste and took off running.  Baptiste chased after Williams, and the two exchanged gun fire.  Roscoe pursued Williams in a car.  Williams began shooting at the car as

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A §§ 901 and 6106(a).

it approached him. Roscoe accelerated and hit Williams. Baptiste helped Roscoe out of the car, and they went to the hospital. The police found Williams lying in a front yard with the marijuana next to him. Williams was taken to the hospital where he died a few days later due to blunt force trauma. At the time of the incident, Baptiste did not have a license to carry a firearm. Baptiste and Roscoe were arrested and charged with Williams' death.

On March 4, 2019, Baptiste pled guilty to attempted murder and firearms not to be carried without a license. On July 19, 2019, the trial court sentenced Baptiste to 10 to 20 years of incarceration for attempted murder, followed by 7 years of probation for the firearms violation. Initially, no post-sentence motion or appeal was filed.

Following an amended petition under the Post-Conviction Relief Act,[2] the court reinstated Baptiste's post-sentence and direct appeal rights. Baptiste filed a post-sentence motion *nunc pro tunc*, which the trial court denied.

Baptiste filed this timely appeal. Baptiste and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Baptiste raises a single issue challenging the discretionary aspects of his sentence. Baptiste's Brief at 5. This Court has stated that challenges to the discretionary aspects of a sentence do not entitle an appellant to review as of right. ***Commonwealth v. Dempster***, 187 A.3d

---

[2] 42 Pa.C.S.A. §§ 9541-46.

266, 272 (Pa. Super. 2018). To reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether [Baptiste] preserved his issue; (3) whether [Baptiste's] brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide he substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042-43 (Pa. Super. 2014) (quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013)).

Here, Baptiste has satisfied the first three requirements of *Colon*. Accordingly, we must determine whether Baptiste raises a substantial question.

In his Rule 2119(f) statement, Baptiste first claims that his sentence was unduly harsh and excessive because the trial court failed to adequately consider various mitigating factors, particularly his age, work history, lack of prior record, rehabilitative needs, and acceptance of responsibility for his actions. Baptiste's Brief at 26-28. Baptiste further claims that his sentence was unduly harsh and excessive because Roscoe, who pursued Williams in a car and intentionally drove the car into him causing his death, received a lesser sentence than he did.[3] Baptiste's Brief at 28-29.

---

[3] Roscoe received an aggregate sentence of 9 to 18 years of incarceration followed by 5 years of probation after pleading guilty to voluntary manslaughter and possessing an instrument of crime.

An appellant raises a "substantial question" when he "sets forth a plausible argument that the sentence violates a provision of the [S]entencing [C]ode or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citation omitted).

This Court has held that:

a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review. However, prior decisions from this Court involving whether a substantial question has been raised by claims that the sentencing court "failed to consider" or "failed to adequately consider" sentencing factors has been less than a model of clarity and consistency....

This Court has ... held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.

*Commonwealth v. Caldwell*, 17 A.3d 763, 769–70 (Pa. Super. 2015) (internal quotation marks and citations omitted).

Here, Baptiste claims, in part, that the sentencing court did not adequately consider certain mitigating factors. This claim goes to the weight the sentencing court gave certain factors, not the court's failure to consider relevant factors. This argument does not raise a substantial question, and we will not consider the merits of it.

Regarding Baptiste's claim that the court did not sufficiently justify the disparity between his sentence and Roscoe's, we have held that such a claim raises a substantial question. *Commonwealth v. Myers*, 536 A.2d 428 (Pa. Super. 1988). We therefore will consider the merits of this issue.

Our standard of review of a sentencing claim is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

A sentencing court is not required to impose the same sentence on all participants in a crime. *Myers*, 536 A.2d at 430. However, when a court imposes different sentences on co-defendants, there must be differences between the co-defendants to justify the sentences. *Id.* Generally, a sentencing court must indicate the reasons for differences in sentences between co-defendants. *Commonwealth v. Mastromarino*, 2 A.3d 581, 589 (Pa. Super. 2010). "This is not to say, however, that the court must specifically refer to the sentence of a co-defendant. Rather, it requires that when there is a disparity between co-defendants' sentences, a sentencing court must give reasons particular to each defendant explaining why they received their individual sentences." *Id.*

Here, the sentencing court stated on the record the reasons why it sentenced Baptiste as it did. The court indicated that it "listened to everything. [It] read the pre-sentence, the mental health, Counsel's arguments, victim impact testimony, testimony from [Baptiste's] family, the letters sent from [Baptiste's] family and [Baptiste] himself." N.T., 7/19/19,

at 52-53. It also stated that it "considered everything and considered the guideline ranges." It further noted that selling drugs always involves the potential for violence and tends to lead to one becoming involved in an incident like this one. The court observed that Baptiste should not have chased Williams; drug dealers always get robbed and carry guns. As a result, the court pointed out that Baptiste and Williams ended up having a shootout in the late morning in a neighborhood where there are mothers, children, and grandmothers. *See id.* 50-51, 53-55.

In its opinion, the sentencing court further explained that the circumstances underlying Roscoe's sentence were distinct from the circumstances underlying Baptiste's sentence.[4] Trial Court Opinion, 4/6/21, at 7. Notably, Baptiste and Roscoe pled guilty to different offenses. According to the sentencing guidelines, voluntary manslaughter carries an offense gravity score ("OGS") of 11, while the charge of attempted murder carries an OGS of 14. Additionally, the court explained:

> [Baptiste] pursued [Williams] into the street of a residential neighborhood, in the middle of the afternoon, firing his gun at [Williams] multiple times. Several bullets struck nearby houses and went through windows. [Baptiste's] conduct jeopardized the life of not only [Williams] but also anyone in the neighborhood on that day.

*Id.*

---

[4] Baptiste and Roscoe were not sentenced at the same time. Baptiste was sentenced almost a month before Roscoe. As a result, the court could not have made any distinction between the two sentences at that time.

- 6 -

Here, the sentencing court sufficiently justified why it imposed Baptiste's sentence which was slightly longer than Roscoe's sentence. Therefore, the court did not abuse its discretion in sentencing Baptiste.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/2021