J-A17011-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAMSUDDIN VEAL | : | |
| | : | |
| Appellant | : | No. 2353 EDA 2020 |

Appeal from the Judgment of Sentence Entered January 28, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007809-2017

BEFORE: PANELLA, P.J., NICHOLS, J., and COLINS, J.*

MEMORANDUM BY PANELLA, P.J.: **FILED AUGUST 26, 2022**

Shamsuddin Veal appeals *nunc pro tunc* from the judgment of sentence entered in the Philadelphia Court of Common Pleas on January 28, 2019, following his open guilty plea in connection with a 2008 robbery and sexual assault of a female victim in Philadelphia. On appeal, Veal challenges the discretionary aspects of his sentence. After careful review, we affirm.

On October 29, 2018, Veal entered an open guilty plea to involuntary deviate sexual intercourse ("ISDI"), rape, robbery, conspiracy, possessing an instrument of crime ("PIC"), unlawful restraint, and false imprisonment. All other charges were *nolle prossed*. The factual basis for the plea was read into the record at the guilty plea hearing as follows:

---

* Retired Senior Judge assigned to the Superior Court.

[O]n November 26th of 2008, at the location of 6554 Lebanon Avenue in the city and county of Philadelphia, at approximately, 2:00 a.m., the complainant, [], was leaving her bartending job at Visions Bar on 56th and Lebanon Street.

When she left the bar, two men approached her - [Veal] and co-defendant, Dwayne Isaac, who was prosecuted [in 2009 for his case]. [Veal] produced a firearm and he said to the complainant, "You know what time it is." He led her in the opposite direction. [Veal] said, "Give me all your money." And the complainant turned over the $90 that she made bartending that night.

The two defendants led the complainant back to an abandoned house. [Veal] said, "Bitch take off your clothes." [Veal] licked her left breast, and [Veal] and the co-defendant took turns orally and vaginally raping the complainant.

[Veal] attempted to put his penis in the complainant's vagina, got frustrated, put the gun to her head, and [told her to] get inside the bathtub. He took her identification from her and said, "You better not go to the police." After they left, the complainant attempted to leave the property and both co-defendants came back in the house, racked the gun, and said, "You better not go to the police."

Dwayne Isaacs was identified shortly after that incident. [Veal] was never apprehended or identified. On January 11th of 2017, a CODIS report indicated that [Veal] was the male of two DNA mixtures obtained from the swab of [the] left breast of [the complainant] that was taken during a rape kit application.

There was a follow up by the laboratory dated June 13th of 2017 describing the comparison between the oral swab reference sample taken from [Veal] and the DNA mixture detected in the swab of [the complainant]'s left breast, [which] indicates that [Veal] was the male profile detected in the swab of the left breast of [the complainant].

N.T., Guilty Plea, 10/29/2018, at 10-13. After reviewing both a written and

oral guilty plea colloquy, the trial court accepted the plea. Sentencing was

deferred for preparation of a pre-sentence investigation ("PSI") report and a mental health evaluation.

On January 29, 2019, the trial court sentenced Veal to an aggregate term of thirteen to twenty-six years' incarceration. Veal filed a timely post-sentence motion for reconsideration of his sentence, which was denied by operation of law on June 4, 2019.

On February 27, 2020, Veal filed a timely, counseled petition under the Post Conviction Relief Act[1] ("PCRA"), seeking reinstatement of his appeal rights. The trial court granted relief, reinstating Veal's direct appeal rights *nunc pro tunc*. This timely appeal followed.

In his sole issue on appeal, Veal argues the sentence imposed is unduly harsh and excessive under the circumstances of this case. **See** Appellant's Brief, at 5. Veal concedes this claim challenges the discretionary aspects of his sentence. **See id**. at 21. We review discretionary sentencing challenges with great deference to the sentencing court:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

---

[1] 42 Pa. C.S.A. §§ 9541-9546.

***Commonwealth v. Bullock***, 170 A.3d 1109, 1123 (Pa. Super. 2017) (citations and quotation marks omitted). However, "[a] challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

To invoke this Court's jurisdiction over this issue, Veal must satisfy a four-part test:

> (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Here, Veal preserved his issue through a timely post-sentence motion to modify his sentence, and filed a timely appeal. Further, counsel has included the required Rule 2119(f) statement. We therefore review the Rule 2119(f) statement to determine if Veal has raised a substantial question.

We must examine Veal's Rule 2119(f) statement to determine whether a substantial question exists. ***See Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are

necessary only to decide the appeal on the merits." ***Id***. (citation and emphasis omitted); ***see also*** Pa.R.A.P. 2119(f).

Veal "must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." ***McAfee***, 849 A.2d at 274 (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." ***Tirado***, 870 A.2d at 365. "Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." ***Commonwealth v. Provenzano***, 50 A.3d 148, 154 (Pa. Super. 2012).

Preliminarily, we note Rule 2119(f) requires only a concise statement of the reasons an appellant believes entitle him to allowance of appeal. ***See Commonwealth v. Goggins***, 748 A.2d 721, 727 (Pa. Super. 2000). Veal's thirteen page 2119(f) statement is clearly anything but "concise." It takes over 10 pages before Veal indicates a claim that he believes raises a substantial question under the specific facts of his case. Notably, the 2119(f) statement is a page longer than the section devoted to the actual merits of his appeal. However, while lengthy, Veal's concise statement eventually identifies the reasons for which the appeal is sought. Accordingly, we will address those claims to determine if a substantial question is raised.

In Veal's Rule 2119(f) statement, Veal argues that the imposition of three consecutive standard range sentences is excessive under the circumstances. Specifically, he contends there were numerous mitigating factors that warranted imposition of a sentence commensurate with, or below, the sentence imposed on his co-defendant. Veal also contends the sentencing court abused its discretion by failing to provide an explanation or justification for the disparity between his sentence and that of his co-defendant.

First, we have stated that a challenge to the imposition of consecutive rather than concurrent sentences generally does not present a substantial question. *See Commonwealth v. Lloyd*, 878 A.2d 867, 873 (Pa. Super. 2005). However, we have recognized that an aggregate sentence can be so excessive that it may create a substantial question. *See Commonwealth v. Moury*, 992 A.2d 162, 171-172 (Pa. Super. 2010). In determining whether a substantial question has been raised, our focus is on "whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." *Commonwealth v. Mastromarino*, 2 A.3d 581, 585-586 (Pa. Super. 2010) (citation omitted).

Veal pleaded guilty to ISDI, rape, robbery, conspiracy, PIC, unlawful restraint, and false imprisonment. The trial court imposed standard range sentences for each charge, adding up to an aggregate sentence of thirteen to twenty-six years' imprisonment. We cannot conclude the aggregate sentence

was excessive considering the number of charges Veal pleaded guilty to, and the criminal conduct involved. The sentencing court was permitted to consider the sexual assaults combined with further threats of violence required a substantial sentence of incarceration to protect the public from Veal. Under these circumstances, Veal's challenge to the consecutive nature of his sentence does not raise a substantial question. *See Commonwealth v. Gonzalez-Dejusus*, 994 A.2d 595, 599 (Pa. Super. 2010).

In as far as Veal claims the sentencing court failed to adequately consider mitigating factors in sentencing, "[t]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) (citation omitted). Therefore, Veal's argument that the sentencing court failed to adequately consider his remorse, his rehabilitation, and his decision to plead guilty as mitigating factors does not raise a substantial question. *See Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010).

Even if we were to find this claim raised a substantial question, we find that Veal's claim is belied by the record. The trial court specifically noted on the record its consideration of numerous factors in entering the above sentence. *See* N.T., Sentencing Hearing, 1/25/2019, at 18-22 (Trial court indicating it considered the sentencing guidelines, PSI and mental health

reports, arguments of counsel, statement from Appellant, the sentencing code, and defendant's prior record).

Further, the trial court reviewed a PSI report. Where the trial court had the benefit of reviewing a pre-sentence report, we must

> presume[] that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Additionally, the sentencing court must state its reasons for the sentence on the record. The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors.

***Commonwealth v. Akhmedov***, 216 A.3d 307, 329 (Pa. Super. 2019), appeal denied, 224 A.3d 364 (Pa. 2020) (*en banc*) (citation omitted).

Based on our review of the record, the trial court's findings set forth during the sentencing hearing, and our standard of review, we conclude the trial court did not abuse its discretion in sentencing Veal. The court clearly considered the facts surrounding the offense, as well as evidence presented as to Veal's character, acceptance of responsibility, and stated remorse. Based on its consideration of these factors, the court concluded the sentence was reasonable.

Finally, Veal contends the trial court abused its discretion by failing to provide an explanation or justification for the disparity between his sentence and that of his co-defendant. We have previously held that such a claim raises a substantial question. ***See Commonwealth v. Myers***, 536 A.2d 428, 430

(Pa. Super. 1988) (finding appellant raised a substantial question by arguing the sentencing court abused its discretion by failing to set forth adequate reasons to justify the disparity between his sentence and that of his co-defendant). However, while such a claim raises a substantial question, we find the issue is without merit under the circumstances of this case.

This Court has previously determined:

A sentencing court is not required to impose the same sentence on all participants in a crime. Moreover, when a defendant's accomplice is tried, or pleads guilty, in a separate proceeding, and is sentenced by a different judge, the sentencing court is not required to explain a disparity between the defendant's sentence and that of the accomplice.

*Myers*, 536 A.2d at 430 (citations omitted).

Here, Veal pleaded guilty, and was sentenced to thirteen to twenty-six years' imprisonment. Veal's co-defendant did not plead guilty, instead choosing to go to trial, and was sentenced to twelve to twenty-four years' imprisonment. There is no dispute that Veal and his co-defendant appeared before different judges for their respective plea and trial, and were sentenced before different judges. Accordingly, the trial court was not required to explain any disparity between their sentences. Further, the disparity between sentences was minimal, with only a one year difference between the minimum term and a two year difference between the maximum term.

Moreover, even if the disparity was so great that reasons should have been given, a review of the sentencing transcript reveals the court articulated factors that were sufficient to support Veal's sentence. The court noted that

Veal's co-defendant, unlike Veal, was sentenced after a full trial, years before Veal was found to be involved in the underlying crime due to new DNA technology. In addition, the sentencing court had the benefit of a PSI report. Finally, the court below provided ample justification for the sentence imposed: the court was aware of the co-defendant's sentence, Veal's background and circumstances, his behavior since the crime, as well as Veal's acceptance of responsibility of apology. In light of all of these factors, the court then sentenced Veal to standard range sentences. On this record, we cannot conclude that the sentence imposed constituted an abuse of discretion.

As the trial court in this case had the benefit of a PSI report, combined with the trial court's explicit consideration of the testimony, the sentencing guidelines, and the seriousness of the offense, we conclude it considered all relevant sentencing factors. Veal has failed to establish the court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. As we find Veal's claim merits no relief, we affirm the judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/26/2022