J-A24021-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CESAR A. MORALES | : | |
| | : | |
| Appellant | : | No. 372 EDA 2022 |

Appeal from the Judgment of Sentence Entered November 17, 2021
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0001036-2017

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED JANUARY 6, 2023**

Cesar A. Morales appeals from the judgment of sentence entered following his guilty plea to two counts of attempted murder, and one count each of persons not to possess a firearm, and conspiracy to commit attempted murder. **See** 18 Pa.C.S.A. §§ 901, 6105(a), 903(a). Morales argues that the trial court abused its discretion in imposing an excessive aggregate sentence. We affirm.

Morales's convictions arise from his actions as a subcontracted hitman. Joseph Wesley believed Danielle Miller was the informant police relied on to charge Wesley with gun and drug trafficking. Wesley therefore hired Darelle Bean to kill Miller. Although Bean accepted Wesley's offer to kill Miller, he later determined that he could not kill a woman. As a result, Bean subcontracted the job to Morales for $2000.

On December 2, 2016, Bean drove Morales to Miller's location in Norristown. Thereafter, Morales fired three shots at Miller and Stephen Rowl, striking Miller's right hand and left bicep, and Rowl's torso and right leg.

On May 30, 2018, Morales entered an open plea of guilty to two counts of attempted murder and one count each of persons not to possess a firearm and conspiracy to commit murder. The trial court deferred sentencing because Morales agreed to testify at Wesley's trial. Approximately one week later, Bean entered an open plea of guilty to two counts of attempted murder and one count each of persons not to possess a firearm and conspiracy to commit murder. Like Morales, the trial court deferred Bean's sentencing hearing pending Bean's testimony at Wesley's trial.

Wesley's jury trial commenced in November 2021, and Morales testified at the trial. Thereafter, a jury found Wesley guilty of two counts of attempted murder, and one count each of solicitation to commit murder and conspiracy to commit murder. On November 17, 2021, the trial court sentenced Morales to an aggregate prison sentence of 30 to 60 years. More specifically, the trial court imposed consecutive sentences of 15 to 30 years for the attempted murder convictions, which were in the mitigated range, and a concurrent sentence of 5 to 10 years for the persons not to possess a firearm conviction. The court found that the criminal conspiracy conviction merged for sentencing purposes. That same day, the trial court sentenced Bean to an aggregate prison term of 15 to 30 years. Notably, the trial court imposed concurrent

prison terms of 15 to 30 years for the attempted murder convictions because Rowl was not the intended target of Bean's actions.

Morales filed a timely post-sentence motion for reconsideration of sentence, which the trial court denied. This timely appeal followed.

On appeal, Morales raises the following question for our review:

Did the trial court abuse its discretion by sentencing [Morales] to an aggregate of 30 to 60 years' incarceration, because such a sentence was fashioned only to punish Appellant and solely based upon the "seriousness of the offenses," and [is] contrary to justice as no victim, witness, party or representative of the Commonwealth asked for such a sentence and it is not necessary to prevent [Morales] from committing further crimes, as the trial court explicitly admitted?

Appellant's Brief at 2-3.

Morales challenges the discretionary aspects of his sentence.[1] "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted). Prior to reaching the merits of a discretionary sentencing issue, this Court conducts a four-part analysis:

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

_____

[1] We note that when a defendant enters an open plea, he may challenge the discretionary aspects of the sentence imposed. *See Commonwealth v. Brown*, 240 A.3d 970, 972 (Pa. Super. 2020).

*Moury*, 992 A.2d at 170 (citation and brackets omitted).

Here, Morales filed a timely appeal and preserved his claim in his post-sentence motion. Morales also included a separate Rule 2119(f) Statement in his brief; accordingly, we will review his Rule 2119(f) statement to determine whether he has raised a substantial question. *See Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa. Super. 2012) (stating that "we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." (citation omitted)).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Edwards*, 71 A.3d 323, 330 (Pa. Super. 2013). "A substantial question [exists] only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citation omitted).

In his Rule 2119(f) statement, Morales argues that the trial court improperly failed to consider the standards for sentencing set forth by 42 Pa.C.S.A. § 9721(b), did not provide adequate reasons for the sentence, and focused solely upon the seriousness of the crimes in imposing the sentence. *See* Appellant's Brief at 7-8. Morales's claims raise a substantial question. *See Commonwealth v. Coulverson*, 34 A.3d 135, 143 (Pa. Super. 2011)

(recognizing that a claim that impugns the trial court's failure to offer specific reasons for the sentence, which "comport with the considerations required in section 9721(b)[,]" raises a substantial question); *see also Commonwealth v. Knox*, 165 A.3d 925, 929 (Pa. Super. 2017) (stating that claim that trial court focused on the seriousness of the crime while ignoring other factors raises a substantial question).

Our standard of review of a challenge to the discretionary aspects of a sentence is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Watson*, 228 A.3d 928, 936-37 (Pa. Super. 2020) (citation omitted).

Morales contends the trial court abused its discretion by imposing a sentence based upon the seriousness of the crimes and without properly considering the Section 9721(b) factors. *See* Appellant's Brief at 9, 11-12, 14. Morales suggests that his crimes were not exceptional because he did not make a full effort to execute Miller and Rowl, noting that no vital body parts were struck by the bullets. *See id.* at 11. Morales points out that neither Miller nor Rowl provided a victim impact statement at the sentencing hearing. *See id.* at 13. Morales further argues that other defendants convicted of similar

crimes received lesser sentences, including his co-defendant Bean. *See id.*; *see also id.* at 12-13 (noting that Bean, not Morales, was the mastermind of the plot to kill Miller). Moreover, Morales highlights that the trial court stated that there was not a real risk that he would commit further crimes. *See id.* at 12.

Morales also claims that the trial court failed to provide adequate reasons for the sentence, including addressing the Section 9721(b) factors. *See id.* at 13-14. Morales concludes that the sentence was arbitrary because the trial court emphasized the seriousness of the crimes and failed to consider that he will not be eligible for parole until he is 67 years old. *See id.* at 14.

Here, the trial court considered the presentence investigation report. *See* N.T., 11/17/21, at 5, 27; *see also* Presentence Investigation Report at 1-10. The trial court also noted Morales submitted a sentencing memorandum, and 26 exhibits attesting to Morales's character, his rehabilitation in prison, and his good behavior in prison. *See* N.T., 11/17/21, at 5, 8-10; *see also* Sentencing Memorandum at 1-18. In addition, Morales's fiancé, Tasliym Goodman, testified regarding Morales's growth in prison and his positive relationship with their son, who was born while Morales was in prison. *See* N.T., 11/17/21, at 10-15. Morales testified regarding his remorse and read letters of apology to the victims. *See id.* at 16-22. Finally, the Commonwealth detailed Morales's cooperation since he was arrested, his truthfulness, and his

valuable testimony at Wesley's trial regarding the murder for hire scheme. *See id.* at 24-26.

In stating its reasons for the sentence, the trial court noted that it considered the protection of the public, the gravity of the offenses, the impact on the victims and the community, and Morales's rehabilitation needs. *See id.* at 27. The court stated that it considered the impact of Morales's cooperation in the case, which the Commonwealth had noted was critical in Wesley's trial. *See id.* at 27-28, 30. The trial court also weighed Morales's positive character attributes, his exemplary behavior in prison, his remorse, and the seriousness of the crimes. *See id.* at 28-29. Although the trial court maintained that there was not an undue risk that Morales would commit another crime, the trial court imposed the above sentence, noting that any lesser sentence would depreciate the seriousness of the crimes. *See id.* at 29-30.

Upon review, the court's sentence was consistent with the factors set forth in Section 9721(b). Indeed, the trial court considered the protection of the public, the gravity of the offenses relating to the victim and society, and Morales's rehabilitative needs. Moreover, the trial court took into account mitigation evidence, including Morales's positive character, age, education, family history, remorse, lack of risk of recidivism, and cooperation with the Commonwealth. The trial court also highlighted the seriousness of the crimes, noting that there were "two separate victims, one who was [Morales's] initial intended target and the one he was hired to murder; the second her

companion whom [Morales] maliciously fired upon and attempted to kill." Trial Court Opinion, 3/24/22, at 16; *see also Commonwealth v. Taylor*, 277 A.3d 577, 593 (Pa. Super. 2022) (noting that the "imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court." (citation omitted)).

Here, the trial court was properly apprised of and considered all relevant factors in fashioning Morales's sentence, and there is no indication that the trial court ignored any factors. *See Watson*, 228 A.3d at 936 (stating that where the trial court is informed by a presentence investigation report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed). Further, the fact that the trial court imposed different sentences for Morales and Bean does not establish an abuse of discretion. *See Commonwealth v. Mastromarino*, 2 A.3d 581, 589 (Pa. Super. 2010) (stating that "co-defendants are not required to receive identical sentences."); *Commonwealth v. Myers*, 536 A.2d 428, 430 (Pa. Super. 1988) ("A sentencing court is not required to impose the same sentence on all participants in a crime."). Therefore, the trial court did not abuse its discretion in imposing the aggregate sentence. *See Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007) (stating that "the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/6/2023